UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80152-Civ-MARRA/JOHNSON

ANDREA FERRARI

    Plaintiff
vs.

SAFECO SURPLUS LINES
INSURANCE COMPANY

    Defendant.
_____/

## OPINION AND ORDER REMANDING CASE

THIS CAUSE is before the Court upon Plaintiff's Motion to Remand [DE 3]. Defendant has not responded to the motion and the time period for doing so has expired. The Court has carefully considered the motion and is otherwise fully advised in the premises.

The instant motion was timely filed within 30 days after the notice of removal. 28 U.S.C. § 1447(c). The notice of removal, however, was not timely filed. It was filed more than 30 days after service of the summons and complaint upon the defendant. 28 U.S.C. § 1446(b); *Thomas v. Bank of America Corp.*, No. 09-11143, 2009 WL 1636535, *2 (11th Cir. June 12, 2009). Petitioning for removal outside the 30-day window constitutes a defect in removal procedure. *Kowallek v. Prestia*, No. 08-16872, 2009 WL 1524931, *1 (11th Cir. June 2, 2009); *Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989); *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993). The requirement that the notice of removal has to be filed within 30 days

after the receipt by defendant of the complaint is mandatory and failure to comply with such requirement is a defect in removal which justifies remand of case. 28 U.S.C. § 1446(b), (c); *Eparvier v. Fortis Ins. Co.*, 312 F.App'x 185, 187 (11th Cir. 2008).

Since the defendant has not responded to the motion, it can be assumed it recognizes the error. Plaintiff seeks his costs and attorney's fees incurred as a result of the removal. When a district court grants a plaintiff's motion to remand, it also may require the defendant to pay the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327 (11th Cir. 2006) the Eleventh Circuit Court of Appeals explained that

> [t]he reasonableness standard was ultimately the result of balancing the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Bauknight,* 446 F.3d at 1329. Pursuant to 28 U.S.C. § 1441, a defendant has reasonable grounds to remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. Original jurisdiction requires diversity of the parties or the existence of a

federal question. 28 U.S.C. § 1441(b); *Geddes v. American Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003). Here, defendant had a reasonable basis to remove the case because the record demonstrates that the parties to this case are diverse. *See Bauknight*, 446 F.3d at 1329; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005). Because the defect in removal was procedural and not jurisdictional, and because Plaintiff could have waived the defect if she chose to, Plaintiff's request for fees and costs will be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 3] is granted in part and denied in part. It is granted in that this matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. It is denied as to Plaintiff's request for attorney's fees and costs. Any pending motions are denied as moot and the clerk shall close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of June, 2009.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson